Filed 1/29/14  P. v. Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MELVIN JOHNSON,<br><br>　　　Defendant and Appellant. | F065152<br><br>(Super. Ct. No. 1409527)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County. Thomas D. Zeff, Judge.

Cheryl Rae Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

SEE CONCURRING AND DISSENTING OPINION

## INTRODUCTION

Appellant Melvin Johnson pled no contest to possession of methamphetamine and was placed on probation for three years. (Health & Saf. Code, § 11377, subd. (a).) He challenges the denial of a suppression motion and asserts that knowledge requirements must be added to drug- and alcohol-related probation conditions. We agree that the alcohol-related condition must be modified but uphold the language of the drug-related condition and denial of the suppression motion. The probation conditions will be amended and, as so modified, the judgment will be affirmed.

## FACTS

On August 19, 2009, Modesto Police Officer John Carrico[1] contacted appellant and searched his person. A baggie containing a crystalline substance was found inside the right front coin pocket of appellant's pants. Carrico asked appellant about the substance and appellant said, "that it was methamphetamine and that he uses it to put it in his coffee to help him stay awake." The substance was tested and determined to be 0.58 grams of methamphetamine, which is a useable amount.

## DISCUSSION

**I.     The Suppression Motion Was Properly Denied.**

**A.     Facts.**

Appellant filed a written motion to suppress evidence, arguing that the search was the product of an illegal detention. The motion was heard on September 6, 2011.

Carrico testified that he was on patrol during the night of August 19, 2009. At approximately 3:45 a.m., he drove through the parking lot of the Knight's Inn in Modesto to "see who was out there, see what was going on." The Knight's Inn is located in "a high-drug sale area, lots of crime." Appellant "was just kind of hanging around a truck

---

[1]     Solely to increase readability, titles will be omitted after the first reference. No disrespect is intended or implied by this informality.

parked in the middle of the parking lot." Carrico parked his patrol vehicle about 15 to 20 feet away from appellant, with the vehicle's headlights shining in appellant's direction.

Carrico approached appellant and began conversing with him. Appellant was "very cooperative" throughout their encounter. Carrico asked appellant what he was doing in the area. Appellant said that "he had just gotten off work and he had dropped some of his friends off at the hotel room and that he was taking their trash out for them." Carrico asked appellant why he was "still hanging out in the parking lot" since he had already taken the trash out. Then he asked if appellant "was there to buy any kind of drugs." Appellant "said that he wasn't there to buy drugs." Carrico asked appellant if he was on probation or parole. Appellant said "that he was on parole for a domestic violence." Carrico "confirmed with him, again, that he was on parole." Carrico asked appellant if he had ever been to prison and appellant replied that he had not. Carrico asked appellant "if he had any drugs or anything illegal with him." Appellant said that he did not. Carrico asked appellant if he could search him to "check and make sure he didn't have any drugs." Appellant "told me I could." Carrico found a small plastic baggie containing a crystal substance in the right front coin pocket of appellant's pants. Carrico ran a "dispatch check" and was informed that appellant was not on probation or parole. Carrico asked appellant a third time about his parole status. Appellant "still told me he was on parole." Carrico did not inform appellant that he was free to leave at any point during the encounter.

Appellant testified that he parked his truck in a Denny's parking lot and was sitting in the driver's seat when Carrico and another officer approached him. Carrico asked, "Whose truck is this?" Appellant replied, "It's mine." Carrico ordered appellant to step out of the vehicle. Appellant asked, "What for?" Carrico again told appellant to get out of the truck. When appellant complied, Carrico immediately grabbed one of his arms and handcuffed him. Carrico asked, "[W]hat room were they selling drugs out of[?]" Carrico searched appellant and then he searched the truck. Carrico did not ask for

3.

or receive permission to conduct these searches.  Appellant asked the officer to loosen the handcuffs because his arms were hurting.  Carrico refused and told appellant to remain standing by the front of the truck.  Carrico called dispatch.  At some point during the encounter, Carrico asked appellant if he was on probation or parole and appellant "told him I wasn't."

The trial court denied the suppression motion.  It found:

> "This case boiled down to an issue of credibility, whether you believe Mr. Johnson or whether you believe the police officer in question.

> "Having reviewed the transcript carefully again, the Court concludes that the officer's testimony is more credible and the Court denies the defendant's motion to suppress."

## B.     The encounter was consensual and appellant agreed to the search.

"The Fourth Amendment of the federal Constitution requires state and federal courts to exclude evidence obtained from unreasonable government searches and seizures.  [Citation.]  Penal Code section 1538.5 allows a defendant to move to suppress evidence obtained in an improper seizure.  [Citation.]"  (*People v. Garry* (2007) 156 Cal.App.4th 1100, 1105-1106.)

> "An appellate court's review of a trial court's ruling on a motion to suppress is governed by well-settled principles.  [Citations.]

> "In ruling on such a motion, the trial court (1) finds the historical facts, (2) selects the applicable rule of law, and (3) applies the latter to the former to determine whether the rule of law as applied to the established facts is or is not violated.  [Citations.]  'The [trial] court's resolution of each of these inquiries is, of course, subject to appellate review.'  [Citations.]

> "The court's resolution of the first inquiry, which involves questions of fact, is reviewed under the deferential substantial-evidence standard. [Citations.]  Its decision on the second, which is a pure question of law, is scrutinized under the standard of independent review.  [Citations.]  Finally, its ruling on the third, which is a mixed fact-law question that is however predominately one of law, viz., the reasonableness of the challenged police conduct, is also subject to independent review.  [Citations.]  The reason is

4.

plain: 'it is "the ultimate responsibility of the appellate court to measure the facts, as found by the trier, against the constitutional standard of reasonableness.'" [Citation.]" (*People v. Williams* (1988) 45 Cal.3d 1268, 1301.)

Appellant argues that his encounter with Carrico was not consensual and that he was detained without reasonable suspicion. Appellant further contends that any statements he made about being on parole or consenting to search were the product of the unlawful detention. We are not convinced.

> "'Consensual encounters do not trigger Fourth Amendment scrutiny. [Citation.] Unlike detentions, they require no articulable suspicion that the person has committed or is about to commit a crime. [Citation.] [¶] The United States Supreme Court has made it clear that a detention does not occur when a police officer merely approaches an individual on the street and asks a few questions. [Citation.] As long as a reasonable person would feel free to disregard the police and go about his or her business, the encounter is consensual and no reasonable suspicion is required on the part of the officer. Only when the officer, by means of physical force or show of authority, in some manner restrains the individual's liberty, does a seizure occur. [Citations.] "[I]n order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter." [Citation.] This test assesses the coercive effect of police conduct as a whole, rather than emphasizing particular details of that conduct in isolation. [Citation.] Circumstances establishing a seizure might include any of the following: the presence of several officers, an officer's display of a weapon, some physical touching of the person, or the use of language or of a tone of voice indicating that compliance with the officer's request might be compelled.' [Citation.]
>
> "The test for the existence of a show of authority is an objective one and does not take into account the perceptions of the particular person involved. [Citation.] The test is 'not whether the citizen perceived that he was being ordered to restrict his movement, but whether the officer's words and actions would have conveyed this to a reasonable person.' [Citation.]" (*People v. Garry, supra*, 156 Cal.App.4th at p. 1006.)

Having examined all the circumstances, we conclude that the encounter between appellant and Carrico was consensual. The trial court found Carrico's testimony to be

credible and accepted it over appellant's testimony. Witness credibility is the exclusive province of the trial court hearing a suppression motion and we defer to its credibility findings. (*People v. Barnes* (2013) 216 Cal.App.4th 1508, 1520; *People v. Woods* (1999) 21 Cal.4th 668, 673.) Therefore, we accept Carrico's testimony about the encounter and give no weight to appellant's competing version of events. Carrico's testimony supports the trial court's conclusion that the encounter was consensual. None of the circumstances establishing a detention were present. Carrico was the only officer present. He did not display a weapon. He did not touch appellant. His questions were not particularly accusatory. The totality of the circumstances support the trial court's determination that the contact between appellant and Carrico was a consensual encounter. "[A] consensual encounter between a police officer and an individual does not implicate the Fourth Amendment." (*People v. Rivera* (2007) 41 Cal.4th 304, 309.)

Carrico asked for and received consent to search appellant's person. There is no constitutional impediment to an officer asking for consent to search during the course of a consensual encounter. (*People v. Rivera, supra,* 41 Cal.4th at pp. 310-311.) The record does not contain any evidence suggesting that appellant's consent to search was not voluntary. Since appellant was not detained and he consented to the search of his person, we uphold the trial court's denial of the suppression motion.

## II. The Drug-Related Probation Condition Contains an Implicit Knowledge Requirement But the Alcohol-Related Probation Condition Must Be Modified to Add A knowledge Requirement.

The trial court articulated some of the probation conditions during the sentencing hearing, including the following: "Do not use or possess any narcotics, controlled substance, restricted or prescription drugs, except with a valid prescription" (the drug-related condition).

The written probation order, which is signed by appellant, includes the following condition: "Do not use or possess any alcoholic beverages or be in or about any place of

6.

business where the primary item sold is alcoholic beverages for consumption on the premises" (the alcohol-related condition).

Appellant contends these probation conditions are unconstitutionally vague because they do not contain an express knowledge requirement. Respondent argues that the drug-related condition contains an implicit knowledge element but concedes that the alcohol-related condition must be modified to add a knowledge requirement. We agree with respondent on both points.

"Probation conditions may be classified according to their purposes. Some reinforce the requirements of penal statutes the probationer may be especially at risk of violating. Others are intended to keep the probationer away from situations likely to lead to criminal conduct. '[E]ven if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality.' [Citation.]" (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 590 (*Rodriguez*).)

"Generally, we review the court's imposition of a probation condition for an abuse of discretion. [Citations.] However, we review constitutional challenges to a probation condition de novo. [Citation.]" (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)[2]

"Probation conditions are analyzed according to the same standards for determining whether penal statutes are unconstitutionally vague, as discussed in [*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*)]." (*Rodriguez, supra,* 222 Cal.App.4th at p. 590.) The rule of fair warning is applied.

---

[2]    Failure to object in the trial court on the ground that a probation condition is facially vague or overbroad does not forfeit appellate review of the issue provided the question can be resolved as a matter of law without reference to the sentencing record. (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1183-1184.)

7.

"… The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' (*ibid*.), protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations.]' [Citation.] The vagueness doctrine bars enforcement of '"a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citations.]' [Citation.]" (*Sheena K., supra*, 40 Cal.4th at p. 890, quoted in *Rodriguez, supra*, 222 Cal.App.4th at p. 587.)

*Sheena K.*, *supra*, 40 Cal.4th 875, held that a probation condition forbidding association with anyone disapproved of by probation was unconstitutionally vague and must be modified to add an explicit knowledge requirement. (*Id*. at pp. 891-892.) Subsequent cases considering probation conditions prohibiting association with particular types of people have concluded that an explicit or constructive knowledge element is required to cure vagueness. (See, e.g., *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436 [prohibition against associating with minors]; *People v. Moses* (2011) 199 Cal.App.4th 374, 381-382 [same]; *People v. Leon* (2010) 181 Cal.App.4th 943, 950-951 [prohibition against association with gang-related persons and wearing of gang-related symbols]; *In re Vincent G*. (2008) 162 Cal.App.4th 238, 247-248 [same].) Other cases have applied *Sheena K*. to require the presence of a knowledge element in probation conditions restricting conduct that would otherwise be legal. (See, e.g., *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1351-1352 [internet access]; *People v. Turner, supra,* 155 Cal.App.4th at pp. 1435-1438 [possession of sexually stimulating material].)

Case law has drawn a distinction with respect to probation conditions reinforcing penal statutes that forbid possession of certain items that are already subject to restriction. For example, penal statutes prohibiting possession of firearms, ammunition and deadly weapons contain implicit knowledge elements. Probation conditions reinforcing these statutes by prohibiting possession of weapons "contains those implicit scienter requirements, and due process does not require making them explicit." (*Rodriguez, supra*, 222 Cal.App.4th at p. 591; see also *People v. Kim* (2011) 193 Cal.App.4th 836,

8.

843-847 (*Kim*)*; People v. Moore, supra,* 211 Cal.App.4th at pp. 1183-1189.) *Kim* explained: "[W]here a probation condition implements statutory provisions that apply to the probationer independent of the condition and does not infringe on a constitutional right, it is not necessary to include in the condition an express scienter requirement that is necessarily implied in the statute." (*Kim, supra,* 193 Cal.App.4th at p. 843.)

Recently, in *Rodriguez, supra*, 222 Cal.App.4th 578, the Sixth Appellate District applied this line of authority and held that a probation condition prohibiting possession of narcotics or other controlled substances without a prescription (condition 8) implicitly contains a knowledge element.

> "To the extent condition 8 reinforces defendant's obligations under the California's Uniform Controlled Substances Act, the same knowledge element which has been found to be implicit in those statutes is reasonably implicit in the condition. What is implicit is that possession of a controlled substance involves the mental elements of knowing of its presence and of its nature as a restricted substance." (*Rodriguez, supra*, 222 Cal.App.4th 593.)

Following and applying *Rodriguez*, we similarly conclude that a knowledge element is reasonably implicit in the drug-related probation condition at issue here. Due process does not require modification of the condition to make this implicit knowledge element explicit.

We reach the opposite conclusion with respect to the alcohol-related condition.[3] Absent this probation condition, it would not be illegal for appellant to consume an alcoholic beverage in his home or a bar. This condition does not arise from or purport to implement any statutory prohibition. Therefore, it is not possible to derive an implicit knowledge element by interpreting parallel statutory language. The prohibition against presence in a business where alcohol is the "primary item sold" is analogous to

---

[3]     *Rodriguez, supra,* 222 Cal.4th 578, did not discuss whether a prohibition against use or possession of alcohol contains an implicit knowledge element.

prohibitions against presence in places where minors associate (*People v. Turner, supra*, 155 Cal.App.4th at p. 1436) or where firearms are located (*In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913). Although a trial court may not revoke a defendant's probation absent proof of willfulness, "this is cold comfort to a probationer who suffers from an unfounded arrest and detention based on the whim or vengeance of an arbitrary or mean-spirited probation officer." (*In re Victor L., supra*, 182 Cal.App.4th at p. 913 [modifying condition prohibiting presence where firearms exist to include express knowledge requirement].) Consequently, we conclude that the alcohol-related condition must be modified to add a knowledge requirement.[4]

### III. Failure to Orally Pronounce the Alcohol-Related Condition Does Not Render It Invalid.

Appellant's final contention, that the alcohol-related condition must be stricken because it was not orally imposed during the sentencing hearing, is not persuasive. It is well established that the trial court "need not orally pronounce probation conditions as long as the defendant knows what is required." (*In Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373.) It is sufficient for the probations conditions to be set forth in detail in the probation order. (*In re Frankie* (1988) 198 Cal.App.3d 1149, 1154-1155.)

---

[4] We decline to adopt the Third Appellate District's approach in *People v. Patel* (2011) 196 Cal.App.4th 956, 959-960, where it decided to construe every probation condition containing a restriction on presence, possession, association or other actions to include a knowledge requirement. In our view, *Patel* is inconsistent with *Sheena K., supra*, 40 Cal.4th 875. It is axiomatic that the decisions of our Supreme Court must be followed by the appellate courts. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) The Sixth Appellate District has also declined to follow *Patel* (*People v. Pirali, supra,* 217 Cal.App.4th at p. 1351), as have the Second Appellate District (*People v. Moore, supra,* 211 Cal.App.4th at pp. 1188-1189, fn. 7) and Fourth Appellate District (*People v. Moses, supra,* 199 Cal.App.4th at pp. 380-381).

## DISPOSITION

The alcohol-related condition contained in the order of probation is modified to provide:  "Do not knowingly use or possess any alcoholic beverages or be in or about any place of business where you know or reasonably should know that the primary item sold is alcoholic beverages for consumption on the premises."  As so modified, the judgment is affirmed.  The superior court is directed to forward a certified copy of the modified order of probation to the probation authorities and the parties.


_____
LEVY, Acting P.J.

I CONCUR:


_____
POOCHIGIAN, J.

11.

**Detjen, J., concurring and dissenting:**

I concur in the majority opinion on all issues but one. I do not agree that the probation condition to "not use or possess any alcoholic beverages or be in or about any place of business where the primary item sold is alcoholic beverages for consumption on the premises," is unconstitutionally vague.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations.]' [Citation.] The vagueness doctrine bars enforcement of '"a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

Appellant Melvin Johnson does not assert that the term "alcoholic beverages" or the location "where the primary item sold is alcoholic beverages for consumption on the premises" is so vague that persons of common intelligence would necessarily guess at their meaning. This is not surprising as a person of common intelligence would know the prohibition condition covered alcoholic beverages and bars. Instead, appellant argues the probation condition is unconstitutionally vague because it lacks an "explicit knowledge requirement." Appellant does not, however, go on to explain how the lack of an express knowledge modifier in the alcohol-related probation condition creates unconstitutional vagueness.[1]

---

[1] The majority points out that the prohibition of association with particular types of people requires a knowledge qualifier to cure vagueness. (Maj. opn. *ante*, at p. 8.) I agree that, in such a situation "an express knowledge requirement is reasonable and

The majority opinion found the alcohol-related probation condition unconstitutionally vague, but did not find the drug-related probation condition unconstitutionally vague. In differentiating the two conditions, the majority opinion points out the alcohol-related probation condition "does not arise from or purport to implement any statutory prohibition." (Maj. opn. *ante*, at p. 9.) I agree it does not. But, I disagree our analysis should end there.[2]

A violation of a condition of probation must be willful and knowing. (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1188.) "[A] trial court may not revoke probation unless the defendant willfully violated the terms and conditions of probation. [Citations.]" (*Id.* at p. 1186.) A probationer cannot be punished for presence or possession without proof of knowledge. (*Ibid.*) The addition of an express knowledge

---

necessary." (*People v. Kim* (2011) 193 Cal.App.4th 836, 845.) "The affiliations and past history of another person may not be readily apparent without some personal familiarity." (*Ibid.*) The probation condition at issue here, however, does not contain a similar uncertainty about whether an alcoholic beverage is an alcoholic beverage, or whether a place of business where the primary item sold is alcoholic beverages for consumption on the premises is a place of business where the primary item sold is alcoholic beverages for consumption on the premises.

[2]    The majority also cites to *People v. Rodriguez* (2013) 222 Cal.App.4th 578, petition for review pending, petition filed January 15, 2014, and correctly states "*Rodriguez* … did not discuss whether a prohibition against use or possession of alcohol contains an implicit knowledge element." (Maj. opn. *ante*, at p. 9, fn. 3.) It should be noted, however, that the *Rodriguez* court was asked to add an express knowledge modifier to a condition that prohibited the use or possession of "'alcohol, intoxicants, narcotics, or other controlled substances'" (*People v. Rodriguez, supra*, at pp. 592-593) not prescribed by a physician. The court did so, but only because of the term "'intoxicants.'" (*Id.* at pp. 593-594.) "Because the latter category [(intoxicants)] is susceptible of different interpretations, which may include common items such as adhesives, bath salts, mouthwash, and over the counter medicines, the addition of an express knowledge requirement will eliminate any potential for vagueness or overbreadth in applying the condition." (*Id.* at p. 594.) The *Rodriguez* court did not add the modifier because it found the term "'alcohol'" to be vague or overbroad.

2

requirement would add little or nothing to the probation condition.  (*Id.* at p. 1188.)  In the unlikely event appellant were to unknowingly consume an alcoholic beverage, or unknowingly be in a place where the primary item sold is alcoholic beverages for consumption on the premises, he would not be in violation of probation.

The majority opinion cites to, and thereby joins in, the statement in *In re Victor L.* (2010) 182 Cal.App.4th 902, 913, that, without a knowledge modifier, there is a risk appellant will "suffer[] from an unfounded arrest and detention based on the whim or vengeance of an arbitrary or mean-spirited probation officer."  I do not join in that statement.  First, there is nothing in the record upon which to base such an expectation, nor is there a reasonable matter of common knowledge to support the assertion that there is a legitimate concern probation officers will be mean-spirited or will act on whim, vengeance, or with arbitrariness.  Second, whim, vengeance, and mean-spirited behavior are choices motivated by wrongful intent.  I see no basis to conclude a person prone to such behavior would be restrained by a knowledge modifier.

The challenged alcohol-related condition is not unconstitutionally vague.

_____
DETJEN, J.

3