Filed 7/21/14  In re Anthony S. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Anthony S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY S.,<br><br>        Defendant and Appellant. | A139568<br><br>(Alameda County<br>Super. Ct. No. SJ13021037) |

Seventeen-year-old Anthony S. admitted committing a lewd act on a child under the age of 14 (Pen. Code, § 288, subd. (a)) and was granted probation.  Anthony challenges the juvenile court's dispositional order, contending that several probation conditions are unreasonable or unconstitutionally vague and overbroad.  The People concede that two of the probation conditions should be modified.  We modify those probation conditions but otherwise affirm the judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

*Welfare and Institutions Code Section 602 Petition*[1]

On May 20, 2013, Jane Doe reported that, during the afternoon of the prior day, she was hanging out by her apartment complex swimming pool when Anthony approached and asked if her brother was home.  Anthony stated he wanted to speak with

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

1

Doe's brother, so she escorted him to the apartment. She unlocked a door leading to a stairwell. While Doe was walking up the stairs to the apartment, Anthony grabbed her left arm and pinned her against a wall. Anthony held Doe against the wall, felt her breast, and removed her pants and underwear. Doe attempted to push Anthony off but was unable, as he had her pinned to the wall. Anthony penetrated Doe's anus and vagina and did not use a condom. Doe was unsure if he ejaculated.

Doe later underwent a sexual assault examination at the Oakland Children's Hospital and an interview at the Child Abuse Listening, Interviewing and Coordination Center. The sexual assault examination revealed "abrasions and tearing around [Doe's] anus and hymenal area and vaginal bruising." Doe identified Anthony via a photo lineup, and after further investigation he was arrested. Anthony acknowledged having sexual contact with Doe, but maintained it was consensual.

On May 31, 2013, the district attorney filed a section 602 wardship petition alleging that Anthony committed a forcible lewd and lascivious act on a child under 14 years old (Pen. Code, § 288, subd. (b)). Anthony later admitted the lesser offense of having committed a lewd and lascivious act on a child under the age of 14 (Pen. Code, § 288, subd. (a)), and the forcible lewd act allegation was dismissed with "facts and restitution open." The juvenile court accepted the plea, found a factual basis for the admission, and concluded that Anthony was a person described by section 602. The juvenile court also advised Anthony that his maximum term of confinement was eight years and referred him for a mental health evaluation.

*Guidance Clinic Evaluation and Disposition Report*

Anthony was evaluated by Jeremy Atkins, Psy.D., of the Guidance Clinic. Atkins opined that sex specific treatment was warranted. Although Atkins was concerned that Anthony's learning disabilities might make it difficult for him to complete treatment, Anthony was accepted on a provisional basis in the STRIVE sex offender treatment

program.[2]  Atkins also believed that Anthony should be returned home to his supportive family and "that treating him in a more restrictive environment . . . could be more detrimental to him than helpful."  Anthony received a recidivism risk score of "6," placing him in the "moderate category" for risk of re-offending.

The dispositional report, prepared by the probation department, recommended that "[Anthony] be declared a ward of the Court and that the care, custody, control and conduct of [Anthony] be under the supervision of the Probation Officer, with [Anthony] to reside in the home of his parents . . . ."  The probation department recommended, inter alia, the following probation conditions:  "Stay away from any child under the age of 14. [¶] . . . [¶] Consent to the search of his . . . person, vehicle, property, or place of residence at any time, day or night, with or without a search warrant and with or without probable or reasonable cause, on the direction of the probation officer or a peace officer. [¶] Do not [possess] any pornographic materials."

*Disposition Hearing*

At the disposition hearing, on June 27, 2013, the court granted probation, removed Anthony from his parents' custody, then effectively stayed its out-of-home placement order by releasing Anthony to his parents' home with juvenile electronic monitoring. The court ordered Anthony to attend the outpatient STRIVE counseling program for juvenile sex offenders.  The court also ordered various terms and conditions of probation, including that Anthony was to have no contact with children under 14 years old without adult supervision, including his two brothers (aged 10 and 12); was not to possess any pornographic material; and was to submit his person and any vehicle, room or property, including computers and any electronic device under his control, to search by a probation officer or a peace officer with or without a search warrant.

Defense counsel objected to the search and pornography conditions, as "not warranted under the facts of this case."  Specifically, defense counsel argued that "there was never any indication in the report that [pornography] was an issue for [Anthony]

---

[2] At the time of disposition, Anthony had an individual education plan and was six or more grade levels behind in all subjects.

And the family was specifically asked about that and they were never aware he was in possession of those materials." The court responded, "There is also information the family counseled [Anthony] on sexual activity, so I take it they were not aware of this situation or there was a possibility for this situation. The court is going to put in the requirements addressing pornographic materials and expand it to include electronic devices. I'm open to modifying it if it seems appropriate at some later date, but I think this is where we should start." Anthony filed a timely notice of appeal from the dispositional order.

## II.    DISCUSSION

On appeal, Anthony argues: (1) that the probation condition prohibiting possession of pornography is unreasonable and unconstitutionally vague; (2) that the warrantless search condition is unreasonable; and (3) that the condition prohibiting unsupervised contact with minors under 14 is unconstitutionally vague and overbroad. We address each argument in turn.

"Section 730, subdivision (b) authorizes the juvenile court to 'impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile. [Citation.]" (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5.) We review challenges to probation conditions for abuse of discretion. (*Ibid.*) "However, we review constitutional challenges to a probation condition de novo. [Citation.]" (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143; accord, *People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172 ["[i]f the vagueness of a probation condition may be corrected 'without reference to the particular sentencing record developed in the trial court' [citation], an issue of law arises subject to de novo review on appeal"].)

"In distinguishing between the permissible exercise of discretion in probationary sentencing by the juvenile court and that allowed in 'adult' court, we have advised that,

4

'[a]lthough the goal of both types of probation is the rehabilitation of the offender, "[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment . . . ." [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. . . . [¶] . . . [N]o choice is given to the youthful offender [to accept probation]. By contrast, an adult offender "has the right to refuse probation, for its conditions may appear to defendant more onerous than the sentence which might be imposed." [Citations.]' [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889–890 (*Sheena K.*).)

"An appellate court will not disturb the juvenile court's broad discretion over probation conditions absent an abuse of discretion. [Citations.] We grant this broad discretion so that the juvenile court may serve its rehabilitative function and further the legislative policies of the juvenile court system. [Citations.] [¶] In fashioning the conditions of probation, the juvenile court should consider the minor's entire social history in addition to the circumstances of the crime. [Citation.] Thus, '[a] condition of probation which is [legally] impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court.' [Citation.]" (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100.) "[J]uvenile conditions may be broader than those pertaining to adult offenders. This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed." (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) "Further, when the state asserts jurisdiction over a minor, it stands in the shoes of the parents. A parent may curtail a child's exercise of constitutional rights because a parent's own constitutionally protected ' " 'liberty' " ' includes the right to ' " 'bring up children' " ' and to ' " 'direct the upbringing and education of children.' " ' [Citation.]" (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033–1034.)

5

A.    *Pornography Condition*

Anthony was ordered to "not possess any pornographic materials." Although the right to possess adult pornography in the privacy of one's home is constitutionally protected (*Stanley v. Georgia* (1969) 394 U.S. 557), Anthony does not contend that the condition is unconstitutionally overbroad. Instead, he contends that this probation condition is unreasonable, under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). Under *Lent,* "[a] condition of probation will *not* be held invalid *unless* it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, *and* (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal *is valid if that* conduct is reasonably related to the crime of which the defendant was convicted *or to future criminality*." (*Id.* at p. 486, italics added & fn. omitted, superseded on another ground, as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290.) "*Lent* applies to juvenile court probation orders. [Citation.]" (*In re Josh W., supra,* 55 Cal.App.4th at p. 6.)

Anthony points out that the crime he admitted did not involve pornography and contends that the pornography condition therefore fails all three prongs of the *Lent* test. "[The *Lent*] test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 379–380.) We focus on the final justification under *Lent*—future criminality. (*Lent, supra,* 15 Cal.3d at p. 486.)

"[T]he law authorizes . . . probation conditions that, if not tied to the crime or crimes adjudicated in the current proceeding and not intended to restrict noncriminal behavior, are conditions ' "*reasonably* related to . . . future criminality." ' [Citation.] When a probation condition 'lack[s] any reasonable nexus to . . . present or future criminality' [citation], there is 'no reasonable basis for sustaining [the] condition'

6

[citation]." (*People v. Brandão* (2012) 210 Cal.App.4th 568, 574.) In order to support a probation condition, "[t]here must be some rational factual basis for projecting the possibility that [the] defendant may commit a particular type of crime in the future." (*In re Martinez* (1978) 86 Cal.App.3d 577, 583.)

In our view, it is not determinative that "there is no evidence [Anthony] viewed or possessed pornography at any time prior to the offense." Some studies suggest a "causal link between pornography and sex crimes," although there is also an "array of academic authority on the other side." (*Amatel v. Reno* (D.C. Cir. 1998) 156 F.3d 192, 199–200 [discussing studies and upholding federal statute restricting distribution of pornography in prison as rationally related to rehabilitation].) It is not our job to resolve the conflict in the academic literature. Given the nature of the offense Anthony admitted, we cannot say that it is unreasonable for the juvenile court to believe that preventing Anthony from viewing pornography will have some tendency to reduce his likelihood of future criminal behavior. We conclude that the challenged condition is "reasonable" within the meaning of both section 730 and *Lent, supra*, 15 Cal. 3d 481.

Anthony also maintains that the pornography condition is unconstitutionally vague on its face. Specifically, Anthony complains that the condition is vague because it does not "expressly requir[e] that [he] know that the materials qualif[y] as pornography." "It is an essential component of due process that individuals be given fair notice of those acts which may lead to a loss of liberty. [Citation.]" (*In re Robert M.* (1985) 163 Cal.App.3d 812, 816.) A probation condition is "unconstitutionally vague if it is not ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' ([*Sheena K., supra*, 40 Cal.4th] at p. 890 . . . .) A restriction failing this test does not give adequate notice—'fair warning'—of the conduct proscribed. [Citations.]" (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) "The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.] . . . In deciding the adequacy of any notice afforded those bound by a legal

7

restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' [Citation.]" (*Sheena K., supra,* 40 Cal.4th at p. 890.)

Anthony did not raise his vagueness challenge to the pornography condition at the disposition hearing. However, the People do not contest Anthony's right to present this challenge on appeal. We agree that, because Anthony raises only a pure question of law, his claim has not been forfeited. (*Sheena K., supra,* 40 Cal.4th at pp. 888–889 [defendant's challenge to probation condition as unconstitutionally overbroad and vague not forfeited by failing to object in trial court].)

There is authority to support the merits of Anthony's claim. (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1353 [modifying pornography condition to prohibit defendant "from purchasing or possessing pornography or sexually explicit materials, having been informed by the probation officer that such items are pornographic or sexually explicit"]; *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436; *U.S. v. Guagliardo* (2002) 278 F.3d 868, 872 ["a probationer cannot reasonably understand what is encompassed by a blanket prohibition on 'pornography[]' [because] [t]he term itself is entirely subjective . . . [and] lacks any recognized legal definition"].)[3] Acknowledging this authority, the People concede that a knowledge element must be added to this condition. We agree and modify the challenged probation condition to read: "Do not possess any materials you know are pornographic or the probation officer has informed you are pornographic."[4]

---

[3] Neither *People v. Turner, supra,* 155 Cal.App.4th 1432, nor *People v. Pirali, supra,* 217 Cal.App.4th 1341 addresses reasonableness under *Lent*. Thus, we are not persuaded, as Anthony suggests, that this authority instructs a "no pornography" condition can only be imposed when the crime committed is possession of child pornography. Opinions are not authority for propositions not considered. (*People v. Avila* (2006) 38 Cal.4th 491, 566.)

[4] As Anthony acknowledges, some courts have implied a knowledge requirement and concluded that modification of probation conditions is unnecessary. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 593–594; *People v. Moore* (2012)

B.      *Warrantless Search Condition*

The juvenile court also ordered Anthony "to consent to the search of [his] person, [his] vehicle, [his] property and place of residence at any time of the day or night, with or without a search warrant, and with or without probable cause on the direction of a police or peace officer." The search condition was expanded to include "any and all commuter [*sic*] and electronic devices at [Anthony's] disposal at [his] home."

Anthony contends, "If the probation condition prohibiting [him] from possessing pornography [is] unreasonable, the search condition . . . [is] also unreasonable." (Fn. omitted.) Having rejected his argument with respect to the pornography condition, we need not further address this derivative argument.

C.      *Contact with Minors Under the Age of 14*

The trial court also ordered that Anthony is "not to have any contact with children under 14 years old without adult supervision." The trial court made clear that the condition applied to Anthony's two younger brothers.[5] On appeal, Anthony contends that the condition is "facially vague and overbroad for two reasons. First, the juvenile court did not include an express knowledge requirement. Second, the condition lacks a definition for 'contact.' "

We will address the overbreadth and knowledge arguments, despite Anthony's failure to assert them below, because they raise pure questions of law. (*Sheena K., supra,* 40 Cal.4th at pp. 888–889.) "A probation condition, whether in an adult or juvenile case,

_____

211 Cal.App.4th 1179, 1185; *People v. Patel* (2011) 196 Cal.App.4th 956, 960.) However, another division of this court has declined to follow this approach. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 913 ["[due process] requires that the probationer be informed *in advance* whether his conduct comports with or violates a condition of probation"].) In our view, modification is the better approach. The People do not disagree.

[5] The prosecutor asked for clarification regarding contact with Anthony's brothers. Specifically, she asked the court, "Are you ordering that he not be in their presence unless there is an adult present? Because that's what the STRIVE program requests and that's what I am requesting, that he not be left alone with his two little brothers." The court responded, "I'll make that order at this time. The brothers are in the home. That all of the contact with the brothers should be supervised at this point."

may be challenged as unconstitutionally vague or overbroad. (See [*id.*] at p. 887.) Although the two objections are often mentioned in the same breath, they are conceptually quite distinct. A restriction is unconstitutionally vague if it is not ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' (*Id.* at p. 890 . . . .) A restriction failing this test does not give adequate notice—'fair warning'—of the conduct proscribed. [Citations.] A restriction is unconstitutionally overbroad, on the other hand, if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.] The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O., supra,* 188 Cal.App.4th at p. 1153.) "[T]he overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation." (*In re Victor L., supra,* 182 Cal.App.4th at p. 910; accord, *People v. Harrison* (2005) 134 Cal.App.4th 637, 641 ["[i]t is not enough to show the government's ends are compelling; the means must be carefully tailored to achieve those ends"].)

The condition requiring Anthony to have no unsupervised contact with minors under the age of 14 restricts his right to freedom of association. (U.S. Const., 1st Amend.; Cal. Const., art. I, § 1.) Thus, it " ' "must be narrowly drawn." ' " (*People v. Garcia* (1993) 19 Cal.App.4th 97, 102.) "The right to associate . . . 'may be restricted if reasonably necessary to accomplish the essential needs of the state and public order.' [Citations.] Such restrictions are ' "part of the nature of the criminal process. [Citation.]" ' [Citation.] A limitation on the right to associate which takes the form of a probation condition is permissible if it is '(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends.' [Citations.]" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 627–628, fn. omitted.)

10

Here, the probation condition has been narrowly tailored to promote Anthony's rehabilitation and the public's protection. The juvenile court did not prohibit *all* contact with minors under the age of 14, only unsupervised contact. Thus, the condition is tailored to allow Anthony to continue living at home and to maintain his ability to have relationships with his siblings and other minors, without endangering them. The probation condition does not unduly infringe on Anthony's constitutional right of association.

The People also concede that a knowledge element should be added. (See *People v. Turner, supra,* 155 Cal.App.4th at p. 1436 ["fair notice . . . is not possible unless the probation condition . . . require[s] that defendant must either know or reasonably should know that persons are under [a specified age] before he is prohibited from associating with them"].) Accordingly, we will modify the challenged condition to reflect that Anthony is not to have any knowing contact with children he knows, or reasonably should know, are under 14 years old without adult supervision.

Anthony goes on to assert that, even with a knowledge element added, "contact" requires further definition. He suggests that he might be found guilty of violating probation simply by "being in . . . the same building with the children," such as by going to a restaurant or movie theater where minors under the age of 14 are also present. However, Anthony did not raise this concern before the trial court. Unlike the overbreadth challenge in *Sheena K., supra,* 40 Cal.4th at page 880, Anthony asks us to qualify the language here in a way that does "require scrutiny of individual facts and circumstances." (*Id.* at p. 885.) Because " '[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court' " (*id.* at p. 889), we agree with the People that the forfeiture rule applies. In any event, we do not believe Anthony's proposed reading of the modified condition would be reasonable. (*People v. Olguin, supra,* 45 Cal.4th at p. 382 ["[a] probation condition should be given 'the meaning that would appear to a reasonable, objective reader' "].)

11

## III. DISPOSITION

The disposition order is modified as follows: (1) The probation condition prohibiting possession of pornography is modified to state, "Do not possess any materials you know are pornographic or the probation officer has informed you are pornographic"; (2) The probation condition regarding contact with minors under 14 is modified to state, "You are not to have any knowing contact with children you know, or reasonably should know, are under 14 years old unless you are supervised by an adult." As modified, the judgment is affirmed.

_____
Bruiniers, J.

We concur:

_____
Simons, Acting P. J.

_____
Needham, J.