Filed 7/17/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN PIRALI,<br><br>    Defendant and Appellant. | H038349<br>(Santa Clara County<br>Super. Ct. No. C1198906) |

Defendant John Pirali pleaded no contest to a charge of felony possession of child pornography (Pen. Code, § 311.11).[1] On appeal, defendant challenges probation conditions restricting his access to the Internet and forbidding him from possessing or purchasing sexually explicit materials or pornography as overbroad and unconstitutionally vague. For the reasons set forth below, we modify the condition restricting his access to the Internet to include a knowledge requirement, and further modify the condition restricting his purchase and possession of sexually explicit or pornographic materials with the requirement that he is forbidden from possessing and purchasing these items having been told by the probation officer that such items are sexually explicit or pornographic. As modified, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In October 2008, defendant was served with a search warrant pursuant to an auto insurance fraud investigation. Defendant's computer was taken to a computer analyst, who discovered the existence of possible child pornography on one of the seized hard

---

[1] Further unspecified statutory references are to the Penal Code.

drives. The computer analyst requested that another search warrant be obtained to search for child pornography, as the parameters of the original search warrant only concerned auto insurance fraud. A search warrant was obtained to search for child pornography on the computer.

The district attorney filed an information charging defendant with a count of felony possession of child pornography (§ 311.11) in August 2011. Defendant subsequently entered a plea of nolo contendere on February 16, 2012. As part of his plea, the trial court placed defendant on three years formal probation.[2] The trial court imposed several conditions of probation, among others, that defendant now challenges on appeal during the sentencing hearing.

"You're not to enter any social networking sites, nor post any ads, either electronic or written, unless approved by probation officer [*sic*]."

"You're to report all personal e-mail addresses used and shall report Web sites and passwords to the probation officer within five days."

"You're ordered not to purchase or possess any pornographic or sexually explicit material as defined by the probation officer."

"You are not to have access to the Internet or any other on-line service through use of your computer or other electronic device at any location without prior approval of the probation officer. And shall not possess or use any data encryption technique program."

No objection was made to the imposed probation conditions. Defendant filed a timely notice of appeal on May 25, 2012, and subsequently filed an amended notice of appeal on June 8, 2012.

---

[2] During the sentencing hearing, the trial court also imposed various fees and fines, including a $259.50 booking fee and a probation supervision fee not to exceed $110 a month during the period of probation. In a letter dated December 17, 2012, defendant withdrew his claim that there was insufficient evidence of his ability to pay these fees.

2

A court of appeal may review the constitutionality of a probation condition, even when it has not been challenged in the trial court, if the question can be resolved as a matter of law without reference to the sentencing record.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889 (*Sheena K.*).)  Our review of such a question is de novo.  (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

## DISCUSSION

Defendant challenges two of his probation conditions on the grounds that they are unconstitutionally vague and overbroad.  First, defendant challenges the probation condition restricting his Internet access.  Second, defendant challenges the probation condition forbidding him from purchasing or possessing pornographic or sexually explicit material as defined by the probation officer.  We address each of defendant's arguments in turn.

### 1. *Probation Condition Restricting Internet Access*

The probation condition restricting defendant's Internet access, as pronounced by the court, states:  "You are not to *have access* to the Internet or any other on-line service through use of your computer or other electronic device at any location without prior approval of the probation officer."  (Italics added.)  In a written attachment to the minute order placing defendant on probation, the Internet-related restriction is stated as:  "The defendant shall not *access* the Internet or any other on-line service through use of a computer, or other electronic device at any location (including place of employment) without prior approval of the Probation Officer.  The defendant shall not possess or use any data encryption technique program."  (Italics added.)  We note that there is a difference between the oral condition of probation imposed by the trial court and the written condition as set forth in the minute order.  In *People v. Gabriel* (2010) 189 Cal.App.4th 1070, this court stated that "[w]hen there is a discrepancy between the

3

minute order and the oral pronouncement of judgment, the oral pronouncement controls." (*Id.* at p. 1073.) In *People v. Freitas* (2009) 179 Cal.App.4th 747, the appellate court decided to review "the more inclusive oral pronouncement" instead of the written probation order signed by the judge. (*Id.* at p. 750, fn. 2.)

However, as the Supreme Court has reasoned in *People v. Smith* (1983) 33 Cal.3d 596, though the older rule is to give preference to the reporter's transcript where there is a conflict, the modern rule is that if the clerk's and reporter's transcript cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case. (*Id.* at p. 599; *People v. Harrison* (2005) 35 Cal.4th 208, 226.) In *People v. Thrash* (1978) 80 Cal.App.3d 898, the appellate court held that probation conditions "need not be spelled out in great detail in court as long as the defendant knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order." (*Id.* at pp. 901-902.)

Here, we find that the oral conditions of probation control in light of the circumstances. The trial judge did not mention the written probation conditions in the hearing, absent a comment in the beginning that the "recommendations in the reports appear to be consistent with the negotiated plea." Furthermore, neither the trial judge nor defendant signed the written probation conditions. We therefore cannot find that the written conditions were meant to control and override the conditions imposed orally by the court. Accordingly, we review the oral conditions imposed by the trial court during the sentencing hearing.

On appeal, defendant argues that the Internet restriction is unconstitutionally overbroad and should also be stricken as the other Internet and computer-related probation conditions imposed are sufficient to serve the state's interests. Defendant also

4

contends that the probation condition is unconstitutionally vague. We first address defendant's arguments concerning overbreadth.

A. *Overbreadth*

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights--bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

Although a probation condition may be overbroad when considered in light of all the facts, only those constitutional challenges presenting a pure question of law may be raised for the first time on appeal. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 888-889.) The Supreme Court has made it clear that not all constitutional defects in conditions of probation may be raised for the first time on appeal; some questions cannot be resolved without reference to the particular sentencing record developed in the trial court. (*Id.* at p. 889.)

Preliminarily, the People contend that defendant's failure to object to the probation condition to the trial court forfeited his argument on appeal, as the validity of the probation condition does not present a pure question of law. We disagree with the People's argument of forfeiture, as defendant's position is that the Internet restriction is unduly overbroad and a violation of his First Amendment rights. Such an argument does not rely on facts in the sentencing record, and presents a pure question of law. We do find, however, that defendant has forfeited any such claim that the probation condition is unreasonable due to his failure to object below. (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)

5

Accordingly, defendant's argument that the conditions are not necessary because the other imposed Internet and computer-related restrictions are sufficient to serve the state's interest is forfeited. Defendant's argument on this point is essentially one of reasonableness, and is specific to the circumstances of his underlying offense and whether the broader Internet prohibition would deter future criminality.

We also find no merit to defendant's contention that the existence of the other, less restrictive Internet and computer-related probation conditions renders the broader Internet condition superfluous or contradictory. It is defendant's argument that the restriction on his access to social networking sites, and the condition requiring him to turn over Web site and password information, contradict the broader condition forbidding him from having access to the Internet without prior approval. A similar argument was presented to the appellate court in *In re Victor L.* (2010) 182 Cal.App.4th 902 (*Victor L.*), which involved several computer-related probation conditions imposed on a minor defendant. Two of the conditions forbade the minor from accessing social networking sites such as MySpace or Facebook, and another condition required all Internet access to be supervised. (*Id.* at p. 926.) The court concluded that "[s]o interpreted, [the conditions'] overlap is neither incomprehensible nor contradictory. They limit [minor's] access to the Internet in ways designed to minimize the temptation to contact his gang friends or otherwise use the computer for illegal purposes by requiring adult supervision whenever he goes online." (*Ibid.*)

However, the *Victor L.* court did find that a third Internet-related probation condition imposed on the minor, which stated that " '[t]he Minor shall not use, possess or have access to a computer which is attached to a modem or telephonic device' " (*Victor L.*, *supra*, 182 Cal.App.4th at p. 923), conflicted with the other two Internet conditions that required all Internet use to be supervised and restricting access to social networking sites. (*Id.* at pp. 926-927.) The court then struck the language prohibiting "use" and

6

"access" to a computer, leaving only the condition that the minor could not possess a computer attached to a modem.  (*Ibid.*)

Here, the probation conditions challenged by defendant, when considered together, are not inherently contradictory or superfluous.  Defendant is subject to Internet restrictions that require prior approval before having access to the Internet, as well as restrictions against accessing social networking sites.  This is analogous to the two conditions deemed *not* to be incomprehensible and contradictory in *Victor L.*, namely the condition imposed on the minor defendant that required supervision of Internet access and the condition restricting access to social networking sites.  Accordingly, we find no merit to defendant's argument that read together, the Internet restrictions are superfluous or contradictory.

We now turn to the question of whether or not the Internet restrictions imposed on defendant are unconstitutionally overbroad.  We note that access to computers and the Internet have been recognized by courts as increasingly important.  "Computers and Internet access have become virtually indispensable in the modern world of communications and information gathering."  (*U.S. v. Peterson* (2nd Cir. 2001) 248 F.3d 79, 83.)  Additionally, appellate courts have found that computers and Internet both " 'comprise[] the "backbone" of American academic, governmental, and economic information systems.' "  (*In re Stevens* (2004) 119 Cal.App.4th 1228, 1234 (*Stevens*).)  Accordingly, as defendant asserts, certain restrictions on "access to the Internet necessarily curtail First Amendment rights."  (*Id.* at p. 1235.)  It therefore follows that probation conditions restricting or prohibiting the use of a computer, or restricting or prohibiting access to the Internet, "must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890; see *Stevens*, *supra*, at p. 1237.)

7

In support of his argument that the probation condition significantly curtails his rights, defendant cites to *Stevens*, in which the Second Appellate District reviewed and considered a parole condition that broadly prohibited use of the computer and the Internet. The defendant in *Stevens* pleaded guilty to the crime of committing lewd conduct on a child under the age of 14. (*Stevens*, *supra*, 119 Cal.App.4th at p. 1231.) After his release from prison, Stevens was placed on parole and was subject to the condition that he " 'shall not possess or have access to computer hardware or software including the internet.' " (*Ibid*.) Stevens objected to the condition as unreasonable, and the appellate court agreed. (*Id*. at p. 1239.) The court noted that though there was a legitimate concern that a "released child molester's unfettered access to a computer might result in criminal conduct," there could be more focused prohibitions on Stevens' Internet and computer use in place of a blanket ban that would achieve the same goals of supervision and protection for the public. (*Ibid*.)

Nonetheless, as defendant concedes, courts have also permitted probation conditions and parole conditions limiting computer and Internet access in cases where the limitation is not a blanket prohibition, and in cases where the Internet played a role in the underlying offense. For example, in *In re Hudson* (2006) 143 Cal.App.4th 1, the First Appellate District upheld a parole condition that prohibited Hudson from possessing or having access to computers, the Internet, or camera equipment absent permission from the Department of Adult Parole Operations (DAPO). (*Id*. at p. 4.) The court distinguished the case from *Stevens* by noting that unlike the defendant in *Stevens*, Hudson deliberately prevented authorities from searching his computer while on probation and also deliberately encrypted his computer and withheld passwords. (*Id*. at pp. 10-11.) Furthermore, unlike the parole condition contemplated in *Stevens*, the condition at issue in *Hudson* was not a blanket prohibition as Hudson would be allowed

8

to use the computer and access the Internet so long as he first received permission from the DAPO.  (*Ibid*.)

Likewise, the appellate court in *People v. Harrisson* (2005) 134 Cal.App.4th 637 upheld a probation condition imposed that prohibited defendant from access to the Internet and from possessing any Internet device after the defendant pleaded no contest to felony possession of child pornography.  (*Id*. at pp. 639-640.)  Harrisson objected to the probation condition before the trial court, and the appellate court found that the probation condition was not constitutionally overbroad.  (*Id*. at pp. 642, 647.)  The court, in upholding the condition, distinguished the case from *Stevens* in so much that unlike the *Stevens* defendant, Harrisson utilized the Internet to send pornographic images and solicit sex with a minor, that he had also spoken with a therapist about a "vengeful, thought-out plan to murder the prosecutor," and that Harrisson was violating the ban on Internet access.  (*Id*. at p. 647.)  The court thereafter found the prohibition against Internet usage was "reasonably related" to Harrisson's offense, and was "necessary to the important dual goals of deterrence and protection of the public."  (*Ibid*.)

Defendant here is challenging a probation condition, not a parole condition as discussed in *Stevens* and *Hudson*.  Nonetheless, we find these cases discussing the validity of Internet and computer-related prohibitions in both the parole and probation context persuasive as to what type of prohibitions on Internet access should be deemed constitutionally overbroad.  Here, like the parole condition contemplated in *Hudson*, defendant is not faced with a blanket prohibition.  The probation condition clearly grants defendant the ability to access the Internet on his computer and other electronic devices so long as he obtains prior permission from his parole officer.  This makes the probation condition distinguishable from the parole condition discussed in *Stevens*, and less restrictive than the probation condition discussed in *Harrisson* that was deemed valid. Defendant may still use the Internet and a computer while at home, or at his place of

9

employment. Defendant may also still continue to access and use the Internet for e-mail, and other methods of online communication, subject to prior approval by his probation officer.

Accordingly, we find that there is no constitutional overbreadth with respect to this restriction.[3]

### B. *Vagueness*

Defendant next advances the argument that the prohibition against having access to the Internet is unconstitutionally vague. " 'Inherent in the very nature of probation is that probationers "do not enjoy 'the absolute liberty to which every citizen is entitled.' " [Citation.] Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.' (*United States v. Knights* (2001) 534 U.S. 112, 119.) Nevertheless, probationers are not divested of all constitutional rights. 'A probation condition "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated," if it is to withstand a [constitutional] challenge on the ground of vagueness. . . .' (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)" (*People v. Barajas* (2011) 198 Cal.App.4th 748, 753.)

Defendant argues that the condition is unconstitutionally vague because it lacks a knowledge requirement, and because the phrase "other electronic devices at any location" lacks the requisite specificity. We agree in part. First, we agree that without an express

---

[3] Some federal courts have upheld similar restrictions on a defendant's Internet access. (See *U.S. v. Rearden* (9th Cir. 2003) 349 F.3d 608, 613-619; *U.S. v. Zinn* (11th Cir. 2003) 321 F.3d 1084, 1093.) Nonetheless, we note that not all federal courts are in agreement, as other courts have held that such restrictions are invalid. (See *U.S. v. Sofsky* (2nd Cir. 2002) 287 F.3d 122, 126; *U.S. v. Freeman* (3rd Cir. 2003) 316 F.3d 386, 391-392.)

knowledge requirement, defendant could unwittingly violate the condition as there are situations in which he may not know he has access to or has accessed the Internet. Therefore, we modify the probation condition to add a requirement that defendant must *knowingly* have access to the Internet. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

In their reply brief, the People suggest we adopt the Third Appellate District's approach in *People v. Patel* (2011) 196 Cal.App.4th 956. In *Patel*, the Third District considered a probation condition forbidding defendant from drinking or possessing alcohol, or being in a place where alcohol is the chief item of sale, was invalid because the condition lacked an express knowledge requirement. (*Id.* at p. 959.) The court expressed its frustration with the "dismaying regularity" to which it must revisit the issue of a lack of an express scienter requirement in orders of probation. (*Id.* at p. 960.) The court noted that since there exists a substantial uncontradicted body of case law that establishes that a "probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter," it would no longer entertain the issue on appeal. (*Ibid.*) The Third Appellate District then stated that going forward, it would construe every such probation condition proscribing restrictions on presence, possession, association, or other actions with the requirement that the action be undertaken knowingly. (*Id.* at p. 961.)

Nonetheless, a number of the courts of appeal have declined to follow the rationale of *Patel*, including the Fourth Appellate District in *People v. Moses* (2011) 199 Cal.App.4th 374, 381, where the court chose to modify the probation conditions to include a knowledge requirement. We too decline to follow the Third Appellate District's approach in *Patel*. Our Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition and concluded that "modification to impose an explicit knowledge requirement is necessary to render the condition constitutional." (*Sheena K.*, *supra*, 40 Cal.4th at p. 892.) Until our Supreme Court rules

11

differently, we will follow its lead on this point. (*Auto Equity Sales*, *Inc*. *v*. *Superior Court* (1962) 57 Cal.2d 450, 455.)

However, as to defendant's other vagueness argument, we do not find that the phrase "other electronic devices" is constitutionally infirm. As defendant posits, use of a smart phone, a Kindle, or even a swipe of his credit card may inadvertently put him on the Internet. The People concede this issue, stating that use of the Internet through lawful financial transactions should not be prohibited under the challenged condition. The People suggest that we modify the condition of probation to state that such transactions are not prohibited "provided they are lawful and not in violation of the other conditions of probation." We disagree with the necessity of the People's suggested modification. The probation condition, modified with an express knowledge requirement, is sufficient to put defendant on notice for his actions. As modified with the express scienter requirement, defendant would not be found in violation of the Internet condition if he unknowingly has access to the Internet while using a computer or electronic device like an electronic reader or a smart phone, or unknowingly has access to the Internet when engaged in some sort of financial transaction. As modified, defendant would only violate the condition if he knowingly has access to the Internet without prior approval from the probation officer. With the requirement of *knowledge* explicit in the condition, the various scenarios posited by defendant demonstrating the condition's alleged vagueness will not be an issue.

2. ***Probation Condition on Pornographic or Sexually Explicit Material***

Defendant also challenges the constitutionality of the probation condition prohibiting him from purchasing or possessing pornographic or sexually explicit materials as defined by the probation officer. He argues that the condition is vague and lacks specificity, and that without an express knowledge requirement he would be unable to know what the condition forbids. We agree with defendant's arguments.

12

As previously discussed, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  Here, we find the probation condition does not sufficiently provide defendant with advance knowledge of what is required of him.  The fact that the probation officer may deem material sexually explicit or pornographic *after* defendant already possesses the material would produce a situation where defendant could violate his probation without adequate notice.

We find *People v. Turner* (2007) 155 Cal.App.4th 1432 instructive on this point. The court in *Turner* evaluated a probation condition that the defendant " '[n]ot possess any sexually stimulating/oriented material deemed inappropriate by the probation officer and/or patronize any places where such material or entertainment is available.' " (*Id*. at p. 1435.)  The court held that the phrase " 'sexually stimulating/oriented material deemed inappropriate by the probation officer' " was an "inherently imprecise and subjective standard," and that as a result was not "materially distinguishable by the probation condition in *Sheena K*. forbidding association with anyone disapproved of by the probation department." (*Id*. at p. 1436.)  The court then modified the probation condition to read:  " 'Not possess any sexually stimulating/oriented material having been informed by the probation officer that such material is inappropriate and/or patronize any places where such material or entertainment in the style of said material are known to be available.' " (*Ibid*.)  As modified, the court held that the probation condition was not unconstitutionally vague or overbroad.  (*Id*. at pp. 1436-1437.)

We find that the probation condition prohibiting defendant's purchase or possession of pornography or sexually explicit material suffers from the same defect articulated by the court in *Turner*.  Materials deemed explicit or pornographic, as defined by the probation officer, is an inherently subjective standard that would not provide

13

defendant with sufficient notice of what items are prohibited. Following the court's rationale in *Turner*, we modify the condition such that defendant is prohibited from purchasing or possessing pornography or sexually explicit materials, having been informed by the probation officer that such items are pornographic or sexually explicit.

## DISPOSITION

The first part of the probation condition restricting Internet access is modified to state: "You are not to knowingly have access to the Internet or any other on-line service through use of your computer or other electronic device at any location without prior approval of the probation officer."

The probation condition prohibiting purchase or possession of pornographic or sexually explicit materials is modified to state: "You're ordered not to purchase or possess any pornographic or sexually explicit material, having been informed by the probation officer that such items are pornographic or sexually explicit."

As modified, the judgment is affirmed.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.

14

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. C1198906 |
| Trial Judge: | Hon. Jerome M. Brock |
| Attorneys for Plaintiff/Respondent:<br>The People | Kamala D. Harris<br>Attorney General<br><br>Dane R. Gillette<br>Chief Assistant Attorney General<br><br>Gerald A. Engler<br>Senior Assistant Attorney General<br><br>Catherine A. Rivlin<br>Supervising Deputy Attorney General<br><br>Allan Yannow<br>Deputy Attorney General |
| Attorneys for Defendant/Appellant:<br>John Pirali | Under appointment by the Court of Appeal<br>Maria T. Rogers |