Filed 5/21/14  P. v. Aragon CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039880 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1240122) |
| v. | |
| ISMAEL ARISTER ARAGON, | |
| Defendant and Appellant. | |

Ismael Arister Aragon appeals a judgment entered following a guilty plea.  He asserts some of the probation conditions ordered by the court are unconstitutionally vague and overboard.  In addition, defendant asserts the trial court erred in imposing a probation supervision fee.

**STATEMENT OF THE CASE**

In May 2013, defendant pleaded no contest to one count of possessing matter depicting a person under the age of 18 engaging in or simulating sexual conduct.  (Pen. Code, § 311.11, subd. (a).)[1]  The court suspended imposition of sentence, and placed defendant on probation for three years.  The court also imposed the following conditions of probation, among others.  "15. The defendant shall not purchase or possess any pornographic or sexually explicit material as defined by the probation officer. . . .

---

[1]  All further statutory references are to the Penal Code.

[¶] 17.  The defendant shall not access the Internet or any other on-line service through use of a computer, or other electronic device at any location (including place of employment) without prior approval of the probation officer.  The defendant shall not possess or use any data encryption technique program.  [¶] 18.  The defendant shall not clean or delete Internet browsing activity and must keep a minimum or four weeks of history."

In addition to the probation conditions, the court imposed a probation supervision fee of $50 per month.  Defendant filed a timely notice of appeal.

## DISCUSSION

On appeal, defendant asserts conditions 15 and 17 are unconstitutionally vague and overbroad.  In addition, defendant asserts condition 18 should be modified to expressly require knowledge.  Finally, defendant argues there was insufficient evidence that he could pay the probation supervision fee ordered by the trial court, and the trial court failed to comply with the statutory requirements for imposition of such fee.

### *Probation Condition 15*

Defendant asserts probation condition 15, which prohibits the possession or purchase of pornographic or sexually explicit material is vague, because "[r]easonable minds can differ greatly about what is encompassed by 'pornography.' " (*United States v. Guagliardo* (9th Cir. 2002) 278 F.3d 868, 887.)

It should be noted that although defendant did not challenge this condition in the trial court, he can raise the issue of whether the condition is constitutionally vague on appeal.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 885-557.)

In a case almost identical to the present, this court considered whether a probation condition prohibiting the possession of pornographic material was vague.  In *People v. Pirali* (2013) 217 Cal.App.4th 1341 (*Pirali*), the probation condition at issue ordered the defendant " 'not to purchase or possess any pornographic or sexually explicit material as

2

defined by the probation officer.' " (*Id.* at p. 1344.)  This court relied on the rationale in *People v. Turner* (2007) 155 Cal.App.4th 1432, and modified the condition such that the defendant was prohibited from purchasing or possessing pornography or sexually explicit materials, *having been informed by the probation officer that such items were pornographic or sexually explicit.*  (*Pirali, supra,* 217 Cal.App.4th at pp. 1352-1353.) This court determined that as so modified, the probation condition was neither overbroad nor vague.  (*Id.* at p. 1353.)

Here, based on the rationale of our *Pirali* case, the Attorney General concedes the condition should be modified to read:  "The defendant shall not purchase or possess any pornographic or sexually explicit material, having been informed by the probation officer that such items are pornographic or sexually explicit."

We accept the Attorney General's concession on this point, and will order Condition 15 modified accordingly.

### *Probation Condition 17*

Defendant asserts that Probation Condition 17, which prohibits him from accessing the internet is unconstitutionally vague and overbroad, because it does not contain a knowledge requirement.

In *Pirali*, court, this court considered an identical probation condition regarding internet access as the present case.  With the addition of an express knowledge requirement, this court concluded the condition was not unconstitutionally vague or overbroad.  (*Pirali*, *supra*, 217 Cal.App.4th at pp. 1351-1352.)

The Attorney General concedes, based on *Pirali*, that Probation Condition 17 should be modified to read:  "The defendant shall not knowingly access the Internet or any other on-line service through use of the computer, or other electronic device at any location (including place of employment) without prior approval by the probation officer.

3

The defendant shall not knowingly possess or use any data encryption technique program."

We accept the Attorney General's concession on this issue and will order Probation Condition 17 modified accordingly.

### *Probation Condition 18*

Defendant argues Probation Condition 18, which prohibits defendant from deleting his internet browsing history, requires knowledge.

A violation of probation requires willful conduct on the part of a probationer. (*People v. Zaring* (1992) 8 Cal.App.4th 362, 375-379.) As such, the probationer must act with knowledge that such conduct is a violation of a probation condition. (*Pirali, supra*, 217 Cal.App.4th at pp. 1350-1351.)

The Attorney General concedes the condition should be modified to read: "The defendant shall not knowingly clean or delete Internet browsing activity and must keep a minimum of four weeks of history."

We accept the Attorney General's concession on this point, and will order Probation Condition 18 modified accordingly.

### *Probation Supervision Fee*

Defendant asserts there was insufficient evidence that he could pay the $50 per month probation supervision fee ordered by the trial court. In addition, defendant argues the trial court did not follow the statutory procedure required to impose the fee.

Although defendant acknowledges that he did not object to the $50 per month fee in the trial court, he relies on this court's opinion in *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*), disapproved by *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), to argue that his claim has not been forfeited, and that a hearing on defendant's ability to pay was required.

4

Moreover, defendant asserts the court in *McCullough* only disapproved *Pacheco* to the extent *Pacheco* held that the inability to pay a *booking fee,* rather than a probation supervision fee is forfeited by a failure to object in the trial court.[2]

In *McCullough* the court stated, "In contrast to the booking fee statute, many of these other statutes provide procedural requirements or guidelines for the ability-to-pay determination. Certain fee payment statutes require defendants to be apprised of their right to a hearing on the ability to pay and afford them other procedural safeguards." (*McCullough, supra*, 56 Cal.4th at p. 598.) Section 1203.1b, subdivision (a), which states the procedural requirements for imposition of a probation supervision fee is the type of statute to which the *McCullough* court referred. Because imposition of a probation supervision fee requires procedural safeguards, we find defendant's failure to object in the trial court did not forfeit his right on appeal.

Section 1203.1b, subdivision (a) provides: "The court shall order the defendant to appear before the probation officer . . . to make an inquiry into the ability of the defendant to pay all or a portion of these costs. . . . The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent wavier."

Here, the record shows the court did not make a determination of defendant's ability to pay, and defendant did not knowingly and intelligently waive his right to a

---

[2] After defendant filed his opening brief in this appeal, the California Supreme Court granted review on the issue of whether failure to object to probation supervision fees in the trial court, among other issues, constitutes a waiver of the issue on appeal. (See *People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted Nov. 26, 2013, S213571; *People v. Trujillo*, review granted Nov. 26, 2013, S213687[nonpub. opn]; *People v. Venezuela* (2013) 220 Cal.App.4th 159, review granted Jan. 15, 2014, S214485, briefing deferred.)

5

hearing on his ability to pay the fee. Moreover, there was not substantial evidence that defendant had the ability to pay the fee. Therefore, the fee was improperly imposed, and should be stricken.

## DISPOSITION

Probation Condition 15 shall be modified to read: "The defendant shall not purchase or possess any pornographic or sexually explicit material, having been informed by the probation officer that such items are pornographic or sexually explicit."

Probation Condition 17 shall be modified to read: "The defendant shall not knowingly access the Internet or any other on-line service through use of the computer, or other electronic device at any location (including place of employment) without prior approval by the probation officer. The defendant shall not knowingly possessor use any data encryption technique program."

Probation Condition 18 shall be modified to read: "The defendant shall not knowingly clean or delete Internet browsing activity and must keep a minimum of four weeks of history."

The probation supervision fee of $50 per month is stricken.

As so modified, the judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
MÁRQUEZ, J.