Filed 4/16/15  P. v. Greene CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

PIN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ADOLPH PATRICK GREENE,<br><br>　　　Defendant and Appellant. | A142644, A143067<br><br>(Solano County<br>Super. Ct. Nos. FCR307292,<br>FCR307527) |

Defendant Adolph Patrick Greene appeals from judgments entered on pleas of no contest in two cases.[1]  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Greene was informed of his right to file a supplemental brief and did not do so.  We conclude there are no arguable issues and affirm, although we order certain written probation conditions to be modified to conform to the trial court's oral pronouncement.

In May 2014, Greene was charged in case no. FCR307292 with one felony count of second degree robbery and one felony count of second degree commercial burglary after he stole $14 worth of clothing and shoes from Thrift Center, a Fairfield store, and

---

[1] We granted Greene's motion to consolidate the two appeals.

1

threatened a store employee with a knife when asked to pay for the merchandise.[2] About a week later, he was charged in case no. FCR307527 with one felony count of petty theft with a prior conviction after he stole $43 worth of items from a Wal-Mart store in Fairfield.[3] In that case, it was also alleged that he had eight prior convictions with a prison term.[4]

Under a plea agreement, Greene pleaded no contest to a new count of grand theft in the first case in exchange for dismissal of the original two charges,[5] and he pleaded no contest to the petty-theft count in the second case in exchange for dismissal of the prior-conviction allegations. Two other unrelated cases against him were also terminated. The trial court found that unusual circumstances existed warranting probation even though Greene would otherwise have been ineligible for it. These circumstances included the nature of the offenses, that Greene's "participat[ion] in the crimes [was] largely due to his homelessness, mental illness[,] and addiction to narcotics," and that the prosecutor did not object. The court suspended imposition of the sentence and placed him on three years of formal probation in both cases on the condition that he serve concurrent terms of 365 days in county jail.

The written probation terms entered in both cases and the trial court's oral pronouncement of those terms differ in two slight respects, and we conclude that the oral pronouncement controls in both instances. (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346 ["if the clerk's and reporter's transcripts cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case"].) First, the trial court ordered Greene to "stay out of Wal[-]Mart in Solano County and the Thrift Center in Fairfield," but the written

---

[2] The first count was brought under Penal Code section 211, and the second count was brought under Penal Code section 459. All further statutory references are to the Penal Code. The facts underlying Greene's offenses are drawn from the probation report.

[3] This count was brought under section 666.

[4] These allegations were made under section 667.5, subdivision (b).

[5] The new count was brought under section 487, subdivision (c).

conditions in case no. FCR307292 state, "Remain away from the premises of all Wal[-]Marts [and] Thrift Center in Solano County," and the written conditions in case no. FCR307527 state, "Remain away from the premises of all Wal[-]Marts, Thrift Ctr." We conclude both conditions should read, "Stay out of Wal-Marts in Solano County and the Thrift Center in Fairfield."

Second, the written conditions in both cases include a requirement that Greene "[n]ot be in places where alcohol is the chief item of sale," but the trial court did not orally impose such a condition. We conclude that this condition should be stricken in both cases.

The above discrepancies aside, no error appears in the entry of the plea or the sentencing proceedings in either case. Greene was advised of his constitutional rights and the consequences of his pleas before he entered them, and he received the sentences he was promised. The trial court found that his waiver of rights was knowing and intelligent, that both pleas were free and voluntary, and that there was a factual basis for the pleas. He was represented by counsel throughout the proceedings. There are no meritorious issues to be argued on appeal.

In both cases, the written probation condition related to Wal-Mart and the Thrift Center is ordered modified to read, "Stay out of Wal-Marts in Solano County and the Thrift Center in Fairfield," and the written probation condition ordering Greene to "[n]ot be in places where alcohol is the chief item of sale" is ordered stricken. As so modified, the judgment in both cases is affirmed.

3

_____

Humes, P.J.

We concur:


_____

Margulies, J.


_____

Dondero, J.