Filed 6/11/15  P. v. Hall CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY DEWITT HALL,<br><br>       Defendant and Appellant. | A143870<br><br>(Marin County<br>Super. Ct. No. SC186528A) |

Defendant Jeffrey Dewitt Hall appeals after he pleaded guilty and was placed on probation.  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Hall was informed of his right to file a supplemental brief and did not do so.  We conclude there are no arguable issues and affirm, although we conclude the minute order from the sentencing hearing must be modified to conform to the trial court's oral pronouncement of the sentence.

In January 2014, Hall was charged with one felony count of possession of a controlled substance (methamphetamine), one felony count of possession of a billy, blackjack, sandbag, sandclub, sap, or slungshot (baseball bat), one misdemeanor count of possession of drug paraphernalia, and one infraction count of possession of marijuana.[1]

---

[1] The first count was brought under Health and Safety Code section 11377, subdivision (a), the second count was brought under Penal Code section 22210, the third count was brought under Health and Safety Code section 11364.1, subdivision (a), and the fourth count was brought under Health and Safety Code section 11357, subdivision (b).

1

In connection with the felony counts, the information alleged that he had multiple prior convictions resulting in three separate prior prison terms.[2]  Under a plea agreement, he pleaded guilty to all four counts, admitted to the prior convictions, and admitted to violating probation in other cases that are not before us.  In April, the trial court sentenced him to a total term of six years and eight months in prison, suspended execution of the sentence, granted probation for five years subject to various conditions, and ordered him to pay various fines and fees.

In December 2014, Hall was resentenced after filing a successful petition under Penal Code section 1170.18, subdivision (f) to reduce the felony drug possession count to a misdemeanor.  The trial court imposed a total term of six years in prison, comprised of the aggravated term of three years for the weapon-possession count and one year for each of the three prior prison terms.  It then suspended execution of the sentence and again granted probation for five years, to run from the time of the original sentencing.  In doing so, the court stated that "[a]ll other terms and conditions that [it] previously imposed will remain in full force and effect."

The December 2014 sentencing minute order and the trial court's oral pronouncement of the sentence differ in one respect, and we conclude that the oral pronouncement controls.  (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346 ["if the clerk's and reporter's transcripts cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case"].)  The trial court reduced only the methamphetamine-possession count to a misdemeanor, but the minute order states that the weapon-possession count was reduced to a misdemeanor as well.  We conclude this reference to the weapon-possession count must be stricken.

Other than the above discrepancy, no error appears in the entry of the plea or the sentencing proceedings in this case.  Hall was advised of his constitutional rights and the

---

[2] The prior convictions with a prison term were alleged under Penal Code section 667.5, subdivision (b).

consequences of his plea before he entered it, and he received a sentence better than the one promised. The trial court found that his waiver of rights was knowing and intelligent, that the plea was free and voluntary, and that there was a factual basis for the plea. The court also stated that it considered aggravating and mitigating factors before imposing the aggravated term for the weapon-possession count. Hall was represented by counsel throughout the proceedings. There are no meritorious issues to be argued on appeal.

The phrase "Count 2 designated as a misdemeanor pursuant to PC 1170.18" is ordered stricken from the December 4, 2014 minute order. As so modified, the judgment is affirmed.

_____
Humes, P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.