Filed 6/30/22  P. v. Hernandez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICHI HERNANDEZ,<br><br>        Defendant and Appellant. | A162953<br><br>(Napa County<br>Super. Ct. No. 20CR002461) |

Appellant Richi Hernandez (Appellant) asserts three claims on appeal related to the fees and conditions of probation imposed following his no contest plea to a charge of leaving the scene of an accident (Veh. Code, § 20001, subd. (a)).  We remand for reconsideration of certain fees and two probation conditions, and otherwise affirm.

BACKGROUND

In brief, according to the probation report, in September 2020 Appellant turned left at a red light, caused a crash involving two other cars, and fled the scene.  The occupants of the other cars were injured.  Hours later, Appellant contacted the police and claimed he entered the intersection to turn when the light turned green.  He left the scene because his license had been revoked and he thought he would go to jail.

1

In April 2021, pursuant to a plea agreement, Appellant pleaded no contest to leaving the scene of an accident (Veh. Code, § 20001, subd. (a)) and the remaining charges—driving with a suspended license (Veh. Code, § 14601.1, subd. (a)) and failure to stop at a red light (Veh. Code, § 21453, subd. (a))—were dismissed with a Harvey waiver.[1] The plea agreement specified that Appellant would be placed on two years' formal probation and "assess[ed] for treatment/treatment if appropriate."

In June 2021, the trial court placed Appellant on two years' probation with terms and conditions recommended by the probation department. Three conditions required Appellant to pay restitution to the victims "plus interest at 10% per year from the date of sentencing, in a manner to be determined by the collection agency and the Court." Among other things, Appellant was also directed to pay a $30 "Accounts Receivable Fee."

The present appeal followed.

DISCUSSION

I.     *Remand for Reconsideration of Certain Fees*

In September 2021, approximately three months after Appellant's sentencing hearing, the Governor signed Assembly Bill No. 177 (2021-2022 Reg. Sess.) (AB 177), which, among other things, added a new subdivision (b) to section 1465.9 of the Penal Code,[2] eliminating certain "court-imposed costs" in criminal cases. (Stats.2021, ch. 257, § 35.) The balance of any such costs are deemed "unenforceable and uncollectible" as of January 1, 2022. (§ 1465.9, subd. (b).) Appellant argues the interest on restitution payments and the $30 accounts receivable fee imposed by the trial court are now

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

[2] All undesignated statutory references are to the Penal Code.

2

unenforceable and uncollectible.  (See *People v. Clark* (2021) 67 Cal.App.5th 248, 259 [applying analogous enactment regarding different fees].)

Respondent agrees AB 177 rendered certain administrative fees unenforceable, but respondent points out that the trial court did not identify the basis for the fees challenged on appeal.[3]  Appellant asserts the fees "could have been" imposed or "likely" were imposed under certain provisions within the scope of AB 177, but Appellant fails to respond to respondent's argument that the obligation to pay interest on restitution payments could have been imposed pursuant to another provision not within the scope of AB 177.[4]

Respondent suggests that, "[r]ather than speculate as to the statutory basis of the accounts receivable fee and interest payments on the restitution fines," this court should "remand the matter to the trial court with directions to specify the statutory basis for the fee and interest payments and to consider … their enforceability under AB 177 and amended section 1465.9, subdivision (b)."  We agree that is the appropriate resolution of Appellant's claim on appeal.

II.     *Remand for Reconsideration of Two Probation Conditions*

Appellant challenges the validity of probation conditions 15, 18, and 19. Condition number 15 provides, "Enroll in, pay for, and successfully complete a cognitive behavioral therapy program or education program as determined by the risk assessment.  Do not leave the program without the permission of the Probation Officer."  Condition number 18 provides, "Immediately enroll in, pay for, and successfully complete an alcohol and drug problem

---

[3] The trial court's failure "to specify the statutory bases for the fine, fees, and penalty assessments imposed" was error.  (*People v. Hartley* (2016) 248 Cal.App.4th 620, 636.)

[4] Appellant did not file a reply brief.

assessment program, if directed by the Probation Officer." Condition number 19 provides, "Enroll in, pay for, and successfully complete an outpatient treatment program if required and as chosen by the Probation Officer. Abide by all the rules and regulations of the program. Do not leave the program without the permission of the Probation Officer." Appellant contends the "conditions constitute an improper delegation of judicial authority because they provide the probation department with unfettered discretion to order [A]ppellant into any therapy or treatment program that it deems necessary or appropriate."

The authority to "impose and require" reasonable conditions of probation "for the reformation and rehabilitation of the probationer" rests with the trial court, "as it may determine are fitting and proper." (§ 1203.1, subd. (j).) The court in turn "has authority to empower the probation department with authority to supervise the probation conditions." (*People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240.) But, while a "court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation[,] … the court's order cannot be entirely open-ended. It is for the court to determine the nature of the prohibition placed on a defendant as a condition of probation…" (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358–1359.)

In arguing for the validity of the challenged conditions, respondent relies upon the decision in *People v. Penoli* (1996) 46 Cal.App.4th 298, but that case is inapposite as to conditions 18 and 19. In *Penoli*, another division of this court held it was not an unlawful delegation of judicial authority for the trial court to leave the selection of a "residential drug rehabilitation program" to the probation officer. (*Id.* at pp. 301, 307.) The *Penoli* court pointed out that "any attempt to specify a particular program at or prior to

4

sentencing would pose serious practical difficulties. The trial court is poorly equipped to micromanage selection of a program, both because it lacks the ability to remain apprised of currently available programs and, more fundamentally, because entry into a particular program may depend on mercurial questions of timing and availability." (*Id.* at p. 308.)

In the present case, Appellant does not argue that conditions 18 and 19 improperly permit the probation department to select a program; instead, Appellant argues those conditions fail to reflect *any judicial determination* regarding the necessity of drug assessment or treatment. That is, the wording "if required" and "if directed" leaves the probation department unfettered discretion to determine whether Appellant must obtain an assessment or undergo treatment as a condition of probation. Accordingly, we will strike probation conditions 18 and 19 and remand for reconsideration. (See *People v. Cervantes* (1984) 154 Cal.App.3d 353, 361 ["set[ing] aside" improper probation condition and remanding to trial court for exercise of discretion]).[5]

The analysis differs as to condition number 15. That condition requires Appellant to obtain a cognitive behavioral therapy assessment and complete the program "determined by the risk assessment." Thus, the condition only delegates selection of the specific program to the probation department.

III.  *The Weapons Condition*

The probation department recommended adoption of probation condition number 13, "[d]o not own or possess any firearm, ammunition, explosive, dangerous or deadly weapon *or replica of a dangerous or deadly*

_____

[5] Respondent points out that, as a term of his plea, Appellant agreed to be "assessed[ed] for treatment/treatment if appropriate." However, respondent does not argue Appellant agreed the determination would be made by the probation department.

5

*weapon.*" (Italics added.) At sentencing, defense counsel objected to imposition of the condition on the basis that the condition was not connected to the facts of the case and did not serve a rehabilitative purpose. The trial court rejected the objection and ordered Appellant "not to own or possess any firearm, ammunition, explosives, or other deadly or dangerous weapon," without the language about replicas. The minute order contains the language as recommended by the probation department.

Appellant argues the trial court's oral pronouncement of the condition controls. However, although "the older rule is to give preference to the reporter's transcript where there is a conflict, the modern rule is that if the clerk's and reporter's transcripts cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346 (*Pirali*).) In the present case, the record reflects that the trial court intended to impose the condition as recommended by the probation department. In particular, after addressing the first six probation conditions in abbreviated language, the trial court stated, "I'm imposing the rest of the terms and conditions of probation…." The court then proceeded to refer to *some* of the other conditions, also in abbreviated language, including the weapons condition without the language about replicas. The court did not mention a number of the conditions at all.

"[P]robation conditions 'need not be spelled out in great detail in court as long as the defendant knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order . . . .' " (*Pirali, supra*, 217 Cal.App.4th at p. 1346.) Given the trial court's stated intent to impose the recommended conditions, the lack of any thorough recitation of the conditions on the record,

and the absence of an express objection to the "replicas" language, it is clear that omission of the "replicas" language in the oral pronouncement simply reflected that the court was making an abbreviated reference to the condition. The language in the minute order controls.

DISPOSITION

Probation conditions 18 and 19 are stricken from the trial court's judgment, and the matter is remanded for reconsideration of those conditions, consistent with the present decision. Further, the trial court is directed on remand to specify the statutory bases for the accounts receivable fee and the obligation to pay interest on restitution, and to consider whether those fees may be enforced under section 1465.9, subdivision (b). In all other respects, the judgment is affirmed.

_____

SIMONS, Acting P. J.

We concur.

_____

BURNS, J.

_____

WISEMAN, J.[*]

(A162953)

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8