Filed 4/6/26  P. v. Stanberry CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RONJA NNAJI STANBERRY, Defendant and Appellant. | D085744 (Super. Ct. No. SCE426526) |

APPEAL from an order of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed as modified.

Joshua P. Visco, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Christopher P. Beesley and Namita Patel, Deputy Attorneys General, for Plaintiff and Respondent.

Ronja Nnaji Stanberry appeals from a probation order challenging a probation condition that the trial court imposed requiring her to complete a program of residential treatment if directed by the probation officer.  The People do not dispute that it is improper for a trial court to delegate to a

probation officer whether to require a probationer to undergo residential substance abuse treatment. The People, however, contend that the trial court's oral pronouncement did not contain this condition, and that the oral pronouncement "controls." Ultimately, the People maintain that we should "correct" the written order to "reflect the correct term of probation" ordered by the court orally.

In resolving whether a clerk's transcript or the reporter's transcript controls in the event of a conflict, we do not apply a "mechanical rule" in favor of the reporter's transcript but instead consider the "circumstances of each particular case" to determine which portion of the record "because of its origin and nature or otherwise, is entitled to greater credence." (*People v. Smith* (1983) 33 Cal.3d 596, 599.) For reasons we explain below, in this case, we conclude that the clerk's transcript best reflects the trial court's intention to delegate to a probation officer whether to require Stanberry to attend residential treatment. Further, we agree with Stanberry and the People that such delegation is improper. Accordingly, we strike the disputed condition from the probation order. In all other respects, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2025, a jury found Stanberry guilty of assault with a deadly weapon, and corporal injury to a dating partner, including a true finding that Stanberry used a deadly weapon to cause corporal injury. (Pen. Code, §§ 245, subd. (a)(1), 273.5, subd. (a), 12022, subd. (b)(1).) The two charges arose from an argument during which Stanberry used a knife to strike her girlfriend. The victim sustained a small laceration to the forearm.

In March 2025, the trial court held a sentencing hearing. The reporter's transcript reflects the court's determination that Stanberry's criminal behavior was heavily related to her use of alcohol. For example, the

2

court stated, "As I look at your record, it all stems from alcohol in a lot of ways." The court also said that Stanberry's "underlying problem[], as far as I'm concerned, is your drinking."

In imposing conditions of probation, the reporter's transcript indicates that the court orally stated a number of conditions related to alcohol including the following: "Do not knowingly use or possess alcohol. I'm going to say don't drink. You are required as a condition of probation not to have alcohol. . . . Plead [*sic*] to any kind of treatment or aftercare if directed by probation. . . . [¶] . . . [¶] Participate in substance abuse care within seven days if directed by a [probation officer] enroll in substance abuse treatment if directed by [probation officer]."

The court's minute order, after recounting the period of probation and stating certain conditions of probation, stated that "further conditions are set forth in probation order." The court's probation order in turn contains several substance abuse-related probation conditions. For example, the order contains a box shaded in next to a statement that provides, "Do not knowingly use or possess alcohol ~~if directed by the [probation officer]~~." The strikethrough is consistent with the court's oral pronouncement referenced above.

Provision number nine of the probation order provides, "Complete a program of residential treatment and aftercare . . . if directed by the probation officer."

Finally, the order states, "Enroll in and adhere to substance use treatment and recovery services, as clinically indicated if directed by [probation officer]."

3

## DISCUSSION

On appeal, Stanberry challenges only provision number nine of the probation order that requires her completion of residential treatment if directed by a probation officer. Citing *People v. Smith* (2022) 79 Cal.App.5th 897 (*Smith*), Stanberry argues the probation condition constitutes an unconstitutional delegation of authority by the trial court to the probation department and is therefore invalid.

### A. *Forfeiture*

The People contend Stanberry forfeited her claim because she did not object to the disputed probation condition in the trial court. We reject this argument because Stanberry's claim amounts to a facial constitutional challenge to the trial court's authority to delegate to a probation officer the determination of whether to require a probationer to undergo residential treatment that may be raised for the first time on appeal. (See *Smith, supra*, 79 Cal.App.5th at p. 901 [rejecting argument that probationer forfeited claim that probation condition "improperly delegates judicial authority to the probation officer" by failing to object to the condition in the trial court]; see generally *In re Sheena K.* (2007) 40 Cal.4th 875, 884–886 [concluding defendant's claim that probation condition was unconstitutionally vague and overbroad was not forfeited for failure to raise it in juvenile court].)

### B. *The clerk's minutes and the probation order accurately state the intended version of the challenged condition*

Before we reach the merits of Stanberry's claim, we must determine the substance of the probation condition the trial court intended to impose. As noted above, the clerk's minutes note that some of the probation conditions are set out in the probation order. Provision number nine of that order provides, "Complete a program of residential treatment and aftercare . . . if

4

directed by the probation officer." The reporter's transcript, however, with respect to this condition, states only, "Plead [*sic*] to any kind of treatment or aftercare if directed by probation." We must determine which of the two versions reflects the court's true intention.

As a general rule, courts will attempt to harmonize the record if a conflict exists. (*People v. Smith, supra*, 33 Cal.3d at p. 599; see also *People v. Contreras* (2015) 237 Cal.App.4th 868, 880.) Historically, when a conflict between the court's oral pronouncement and the written record could not be resolved, the oral pronouncement was "give[n] preference." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346 (*Pirali*).) However, "the modern rule is that if the clerk's and reporter's transcripts cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case." (*Ibid.*, citing, inter alia, *People v. Smith*, at p. 599.)

With respect to the type of record at issue here, when evaluating a court's oral pronouncement of probation conditions, a thorough explanation of the conditions is not necessary if the defendant knows what the proposed conditions are. (*Pirali, supra*, 217 Cal.App.4th at p. 1346.) Therefore, the oral pronouncement may be less detailed than the probation order. (See *ibid.* [recital of probation conditions in court is unnecessary because conditions are spelled out in detail in the probation order].)

Turning to the record in this case, we first observe that it is clear from a review of the reporter's transcript and the proposed probation order prepared by the probation department that the trial court addressed the probation conditions at the hearing in the same order they were listed in the probation department's proposed order of probation. Further, in rendering its oral pronouncement, the court made abbreviated references to this

proposed order rather than reciting them verbatim to confirm which of the requested probation conditions were being imposed. For instance, the court stated it would not "impose the marijuana," when referring to an enumerated condition from the proposed probation order form, which read: "[n]o marijuana use at all even with a card/recommendation/prescription."

In addition, the court modified *certain* conditions from those proposed by the probation officer. For example, while the proposed probation order included a probation condition that Stanberry not knowingly use or possess alcohol "*if directed by the* [*probation officer*]," (italics added) the court orally stated that Stanberry was not to drink alcohol at all. The final order of probation reflected this modification by striking out the "if directed by the [probation officer]" language.

The trial court, however, did *not* express any intention to modify the proposed condition requiring Stanberry to complete residential treatment if directed by the probation officer. The final written probation order signed by the court directing Stanberry to undergo a program of residential treatment if directed by the probation officer is identical to the proposed probation order prepared by the probation officer. Both state, "Complete a program of residential treatment and aftercare . . . if directed by the probation officer." Further, the reporter's transcript strongly suggests that the court reporter misheard what the trial court said when it recited this condition orally. Instead of using the phrase "complete a" program, the transcript uses the words "plead to" a program, which would not make any sense. Instead of "residential treatment and aftercare," the transcript uses the words "any kind of treatment or aftercare," which also seems unlikely because the reference to "aftercare" presumably means care following the residential treatment.

6

In light of the record recounted above, we conclude the court intended to impose the conditions as specified in the written probation order. We base this conclusion on the specific sequence in which the court recited the conditions at the hearing, the trial court's clear use of abbreviated references to the proposed probation order in stating the conditions orally, its modification or elimination of other proposed conditions as it imposed them, the absence of any reliable indication the court intended to modify the proposed residential treatment condition from that contained in the proposed probation order, and the seemingly inaccurate reporter's transcript of the court's oral recitation of this condition.

We therefore conclude that the minute order and the probation order are to be given "greater credence" than the oral pronouncement in determining the applicable probation condition under review. (*People v. Smith, supra*, 33 Cal.3d at p. 599.)

   C. *Delegation of Authority*

As noted above, Stanberry argues that under *Smith, supra*, 79 Cal.App.5th 897, the trial court unconstitutionally delegated judicial authority to the probation department by allowing the probation officer to decide whether Stanberry should participate in a program of residential treatment. We review her claim de novo. (*Id*. at p. 902 [claim that probation condition unconstitutionally delegated judicial authority "present[s] question[] of law that we consider de novo"].)

The People concede that "a court may not delegate its decision to impose residential treatment program" to a probation officer. For the following reasons, we agree.

"The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the

7

others except as permitted by this Constitution." (Cal. Const., art. III, § 3.) Trial courts have the authority to determine if a defendant is eligible for probation and if so, which conditions would be appropriate under the circumstances. (Pen. Code, § 1203, subd. (b)(3); *People v. Olguin* (2008) 45 Cal.4th 375, 379.) By ordering probation, a court may " 'impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.' " (*Pirali, supra*, 217 Cal.App.4th at p. 1350.) Accordingly, a court may require a defendant to complete a residential treatment program, even though it would place a significant burden on a defendant's liberty interests. (*Smith, supra*, 79 Cal.App.5th at p. 903.)

A probation officer, on the other hand, has discretion to oversee and enforce the trial court's orders. (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358.) The probation officer "may not create conditions not expressly authorized by the court." (*Ibid*.)

In *Smith, supra*, 79 Cal.App.5th 897, the trial court imposed a probation condition for the defendant to " 'participate in any treatment/ therapy/counseling program, *including residential*, as directed by the probation officer.' " (*Id*. at p. 901, italics added.) On appeal, the Court of Appeal held this condition was an unconstitutional delegation to the probation officer to decide whether the defendant needed to complete residential treatment, as opposed to an outpatient program. (*Id*. at p. 903.) The *Smith* court reasoned in part: "Unlike outpatients, participants in residential programs may be confined to the treatment facility for the duration of the program, separated from family and friends, and unable to maintain a job. [Citations.] Given the significant liberty interests at stake, a court—not a probation officer—must make the decision to require a defendant to attend residential treatment. . . . [E]ntrusting the decision

8

whether to mandate residential treatment to the probation officer is an improper delegation of judicial authority." (*Ibid.*) The *Smith* court remanded the matter "to the trial court with directions either to strike the words 'including residential' from the treatment condition or to specify that the court requires Smith undergo residential treatment." (*Id.* at p. 905.)

As in *Smith*, the trial court improperly enabled the probation department to decide whether to require Stanberry to undergo residential treatment. (*Smith, supra,* 79 Cal.App.5th at p. 903.)[1] As the People acknowledge, such a delegation is improper. While in *Smith*, the Court of Appeal remanded the matter to permit the trial court to determine whether to require residential treatment (*Smith,* at p. 905), in this case, the People maintain that we should "correct" the record to "reflect the correct term of probation." In reply, Stanberry agrees with the People that the probation order should be modified to strike the residential treatment program provision. In light of the parties' agreement, we elect to strike the residential treatment program provision rather than remand for further proceedings.

## DISPOSITION

The probation condition requiring Stanberry to "Complete a program of residential treatment and aftercare if directed by the probation officer," as

---

[1] As noted above, the trial court also ordered Stanberry to "participate in substance abuse care within seven days if directed by a [probation officer]" and to "enroll in substance abuse treatment if directed by [probation officer]." Unlike the residential treatment order, the oral pronouncement regarding these probation conditions is consistent with the clerk's minutes and the probation order; specifically, provision (c) under section 14 ("Further Conditions"), reads: "enroll in and adhere to substance use treatment and recovery services, as clinically indicated if directed by PO." These conditions have not been challenged and they remain unaffected by our opinion.

listed on provision nine of the order granting formal probation, is stricken. The order is otherwise affirmed.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.